IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

ANDREW TODD ZIMMEL )
)
v. ) No. 1:14-0024
) Judge Haynes/Bryant
SOCIAL SECURITY ADMINISTRATION )

To:  The Honorable William J. Haynes, Jr., Senior Judge

## REPORT AND RECOMMENDATION

### I. Introduction

In this Social Security appeal pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), plaintiff seeks the reversal of the decision denying benefits by defendant Social Security Administration ("SSA"), inasmuch as that decision "is not supported by substantial evidence and applies an erroneous standard of law." (Docket Entry No. 1 at 1, ¶ 5) Following defendant's filing of its answer and an official transcript of the administrative record of plaintiff's claims, plaintiff moved for judgment on that record. (Docket Entry No. 12) Defendant thereafter filed its response to the motion for judgment. (Docket Entry No. 14) For the reasons given below, the Magistrate Judge recommends that plaintiff's motion for judgment on the administrative record be DENIED.

### II. Discussion

Notwithstanding the allegations of his complaint and the caption of his motion, plaintiff makes clear in his supporting memorandum (Docket Entry No. 13) that his argument here is not for judgment reversing the SSA's decision on its merits and remanding

for further necessary proceedings, pursuant to the fourth sentence of 42 U.S.C. § 405(g); rather, plaintiff seeks *pre-judgment* remand pursuant to the sixth sentence of § 405(g), so that the agency may reconsider its decision in light of the new and material evidence referenced in his memorandum and included in his request for review by the SSA's Appeals Council (Docket Entry No. 10, Administrative Transcript (hereinafter, "Tr."), at pp. 5-8, 471-552). See generally Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171, 175 (6th Cir. 1994)(explaining distinction between sentence four and sentence six remand). No part of plaintiff's motion for judgment invites review of the merits of defendant's decision on his claims, as there is no allegation that the Administrative Law Judge ("ALJ") lacked substantial evidentiary support or otherwise erred in ruling on the record that was before him. Accordingly, remand under sentence four is not in play here. See id.

Sentence six of § 405(g) allows a remand to consider evidence that was not previously before the agency decisionmaker, "but only upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding." The party seeking remand bears the burden of demonstrating newness, materiality, and good cause. Hollon v. Comm'r of Soc. Sec., 447 F.3d 477, 483 (6th Cir. 2006). In this case, defendant concedes that the evidence upon which plaintiff bases his motion is new, and that good cause exists for his failure to incorporate the new evidence in the prior proceeding before the ALJ. (Docket Entry No. 14 at 6) However, defendant contests the materiality of the new evidence. Material evidence is evidence that would likely change the agency's decision. Bass v. McMahon, 499 F.3d 506, 513 (6th Cir. 2007). It is the February 10, 2012 decision of the ALJ -- rendered final by the Appeals Council's denial of substantive review upon a finding that plaintiff's new evidence is not

2

material (Tr. 5-6) -- which is the subject of this court's review.  E.g., Foster v. Halter, 279 F.3d 348, 357 (6th Cir. 2001).

It is well established that sentence six remand is not appropriate to consider evidence that a claimant's condition worsened after the administrative hearing.  E.g., Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 685 (6th Cir. 1992).  On its face, plaintiff's new evidence is not material to his condition at any time prior to the ALJ hearing, which was held on January 11, 2012.  (Tr. 35-69)  Although the new evidence refers to plaintiff's hospital admission on January 30, 2012, ten days before the issuance of the ALJ's decision, the recorded "Hisory of Present Illness" from the admission record states that "[h]e was in his usual state of health until last Friday when he developed blood in the urine, and dysuria." (Tr. 481)  Although he was subsequently found to have a renal mass which unfortunately turned out to be malignant, there is no evidence that the renal mass had any symptomatic effect prior to the development of symptoms which led plaintiff to present to the emergency room on January 29, 2012.  Although plaintiff briefly argues that he "had suffered from diabetes for some time and records of his October 30, 2010 hospitalization indicate the possibility of severe kidney illness" (Docket Entry No. 13 at 7), this attempt to relate the new evidence to the earlier period is unavailing.  In particular, plaintiff appears to rely on a reference to blood work at this time (Tr. 384) noting that, "based on his test results, the National Kidney Foundation recommends use of an estimated glomerular filtration rate (GFR) for recognition, treatment and prevention of chronic kidney disease, and that a GFR of less than 60 ml/min/1.73 square meters may indicate chronic kidney disease."  (Docket Entry No. 13 at 5)  However, this blood chemistry report merely gives the definitional standard and warning which follows the calculation of an estimated GFR, without tying in to

plaintiff's particular measurement; in fact, plaintiff's estimated GFR measured ">60" and within the normal reference range, rather than below 60 and within the scope of the warning. (Tr. 384)  Thus, there does not appear to have been significant concern over plaintiff's kidney function in 2010, and there plainly were no contemporaneous allegations or findings of work-related limitations owing to any such cause, nor are any revealed in the ALJ's review of the entire record before him. (Tr. 14-29)

In any event, it is not sufficient for plaintiff to establish the mere potential for materiality.  The new evidence must be probative of the severity of plaintiff's impairments and their symptoms, greater than previously demonstrated, during the period considered by the ALJ; evidence which establishes only that the same impairments or symptoms worsened in severity after the hearing is not material for these purposes.  E.g., Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 478 (6th Cir. 2003).  Accordingly, plaintiff's request for remand based on new evidence must fail.  As plaintiff does not otherwise contest the ALJ's decision on his claims, it is recommended that his motion for judgment be denied, and that the SSA's decision be affirmed.  Plaintiff of course remains free to file new claims to benefits in light of the proof of his condition after February 10, 2012.

### III. Recommendation

In light of the foregoing, the Magistrate Judge recommends that plaintiff's motion for judgment on the administrative record be DENIED, and that the decision of the SSA be AFFIRMED.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court.  Any

4

party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

**ENTERED** this 26th day of February, 2015.

    s/ John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE